FRANCINE LA GRENADE v. DWIGHT GORDON, BETSY GORDON AND
ROBERT GORDON

No. 8221SC201

(Filed 15 February 1983)

1. **Appeal and Error § 68.2— granting of motion for directed verdict—former review by Court on dismissal of plaintiff's action for failure to state claim—former case as the law of the case**

In an action brought to recover actual and punitive damages allegedly resulting from the abduction of plaintiff's infant son, the trial court erred in entering a directed verdict for defendant at the close of plaintiff's evidence where the appellate court had previously found the trial court erred in dismissing plaintiff's action for failure to state a claim. Implicit in that holding was a ruling that if, at trial, plaintiff presented evidence to support the essential allegations of her complaint, the case must go to the jury unless plaintiff's own evidence also conclusively established a complete defense for defendant. When a question before an appellate court has been previously answered on a former appeal in the same case, the answer to that question in the former case becomes the law of the case for purposes of the subsequent appeal.

2. **Courts § 21.5— North Carolina law applying to tort action**

In an action to recover actual and punitive damages allegedly resulting from the abduction of plaintiff's infant son, North Carolina tort law applied to the case where the wrongs allegedly committed by defendants were continuing wrongs, plaintiff's alleged injuries were suffered both within North Carolina and outside of North Carolina, it was in North Carolina where defendants finally manifested the intent to deprive plaintiff of the custody of her son, and where the most significant of plaintiff's injuries occurred in North Carolina.

3. **Abduction § 1; Appeal and Error § 68.5; Parent and Child § 6.2— father's agreement that mother have child custody—mother's action for abduction of child—former appeal on issue**

Where the appellate court previously held that a contract between plaintiff and defendant father, by which defendant father contracted away his common law right to custody of his minor child by executing an agreement giving custody to plaintiff mother but reserving his right to institute a custody action, was valid, the previous holding became the law of the case, and defendants' contention that the invalidity of the contract required a directed verdict be granted for defendants was without merit.

La Grenade v. Gordon

4. **Conspiracy § 2— statements of co-conspirators admissible if in furtherance of conspiracy**

In an action brought to recover actual and punitive damages allegedly resulting from the abduction of plaintiff's infant son, the trial judge erred in limiting the admissibility of a statement by one of the defendants since it was a declaration of a co-conspirator made during and in furtherance of a conspiracy to abduct plaintiff's child. Another conspirator's declaration made in district court should have been admitted against that conspirator as an admission of a party opponent but was properly excluded as to his co-conspirators because it was not made in furtherance of the conspiracy but was a mere narration of past acts done during the course and in furtherance of the conspiracy.

5. **Evidence § 28— order of another court awarding custody of child—exclusion of exhibit error**

In an action to recover actual and punitive damages allegedly resulting from the abduction of plaintiff's infant son, the trial court erred in excluding an order of a South Carolina court awarding custody of the child to plaintiff since the exhibit was relevant for purposes of showing plaintiff's damages in that it helped to show the steps she had taken in order to recover custody of her son.

APPEAL by plaintiff from *Walker, Judge*. Judgment entered 14 October 1981 in FORSYTH County Superior Court. Heard in the Court of Appeals 12 January 1983.

Plaintiff, Francine La Grenade, brought this action to recover actual and punitive damages allegedly resulting from the abduction of her infant son, Alexandre. The named defendants were Robert Gordon, her former husband and the infant's father, and Dwight and Betsy Gordon, plaintiff's former in-laws and the infant's paternal grandparents.

In her complaint, plaintiff alleged, in part, that she and defendant Robert Gordon were married, residing together with their child, Alexandre, in Quebec, Canada on 30 April 1979. That day, plaintiff and her husband executed a written agreement contemplating a separation of the parties so that her husband could go to the United States to seek suitable employment. Under the terms of the agreement, plaintiff agreed not to consider her husband's absence to be a "desertion" and not to hold his leaving against him so far as his custody or visiting rights of Alexandre were concerned and defendant Robert Gordon agreed that in the meantime plaintiff would retain custody of Alexandre. Plaintiff further alleged that defendant Robert Gordon conspired with defendants Dwight and Betsy Gordon to abduct and secrete the in-

fant, that on 1 May 1979 Robert Gordon did in fact abduct the infant, taking him to Maine where they were met by defendant Betsy Gordon, and that defendant Robert Gordon and defendant Betsy Gordon carried the child to his grandparent's home in Winston-Salem, North Carolina. Plaintiff alleged that she came immediately to Winston-Salem, that defendants denied her access to or custody of Alexandre, that defendants secretly removed the infant to South Carolina, and that she hired a detective in North Carolina and attorneys in North and South Carolina to help her gain custody of the child.

Defendants moved pursuant to Rule 12(b) to dismiss plaintiff's action, contending that the complaint failed to state a claim on which relief could be granted, and defendants' motion was allowed by Judge Rousseau. Plaintiff appealed that ruling and this Court reversed, holding that plaintiff had stated a remediable claim for abduction. *See La Grenade v. Gordon*, 46 N.C. App. 329, 264 S.E. 2d 757, *disc. rev. denied and appeal dismissed*, 300 N.C. 557, 270 S.E. 2d 109 (1980).

The case came on for trial and plaintiff put on evidence tending to prove the allegations detailed above. At the close of plaintiff's evidence, defendant made a motion pursuant to Rule 50 of the Rules of Civil Procedure for directed verdict, arguing that "plaintiff's evidence presented has failed to state a claim of relief for which under the Canadian law, which we contend this case is bound." [sic]. The trial judge allowed defendant's motion and plaintiff appealed.

*Clyde C. Randolph, Jr. for plaintiff-appellant.*

*William M. Speaks, Jr. for defendant-appellees.*

WELLS, Judge.

[1] By her third assignment of error, plaintiff contends that the trial judge erred in granting defendants' motion for directed verdict. On a defendant's motion for directed verdict, all the evidence must be considered in the light most favorable to the plaintiff, and a directed verdict may be granted only if when so viewed the evidence is insufficient to justify a verdict for the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). The moving party must state the specific grounds for his

directed verdict motion, G.S. 1A-1, Rule 50(a), and our appellate courts will not consider grounds other than those stated at trial upon reviewing a trial court's ruling on a Rule 50(a) motion. *See Feibus & Co. v. Construction Co.*, 301 N.C. 294, 271 S.E. 2d 385 (1980). We construe the grounds stated by defendants in support of their motion at trial to pose two questions for our review: first, whether the law of Quebec governs any part of the present case, and second, if the law of Quebec does apply, taking the evidence in the light most favorable to plaintiff, whether the law of Quebec is such as to preclude any recovery by plaintiff.

In the former appeal of this case, plaintiff's complaint was before this Court on review of a trial court ruling dismissing plaintiff's action for failure to state a claim. We note that plaintiff's complaint contains no alternative claims for relief and that the contract between plaintiff and defendant Robert Gordon was made part of the complaint. We held that plaintiff had stated a claim on which relief could be granted. Implicit in that holding was that if at trial plaintiff presents evidence to support the essential allegations of her complaint, the case must go to the jury, unless plaintiff's own evidence also conclusively establishes a complete defense for defendant (and such is not the present case). Where evidence has been presented to support the material allegations of plaintiff's complaint, and where, as here, the evidence does not raise an insurmountable bar to plaintiff's recovery, if the plaintiff's complaint has stated a claim for relief, a directed verdict for the defendant may not be properly granted. When the case was tried, plaintiff did in fact present evidence to support the material allegations of her complaint. Plaintiff's evidence in the present case would allow but not require a jury to find that she was entitled to the custody of Alexandre; that defendants conspired to abduct and did abduct Alexandre; that defendants wrongfully and maliciously deprived plaintiff of the companionship of Alexandre; and that by reason of defendants' acts, plaintiff endured mental and emotional suffering and incurred various expenses. *See* 3 Lee, North Carolina Family Law § 243 (4th ed. 1981).

When a question before this Court has been previously answered on a former appeal in the same case, our answer to that question in the former case is the law of the case for purposes of the subsequent appeal. *Transportation, Inc. v. Strick Corp.*, 286

N.C. 235, 210 S.E. 2d 181 (1974). The question presently before this Court having already been answered adverse to defendants, the trial court erred in directing a verdict for defendants and we need not address the questions raised by this assignment of error. Nevertheless, since there must be a new trial where the same questions are likely to arise, we will address such questions as we deem necessary to facilitate retrial.

[2] As we noted in *La Grenade v. Gordon, supra,* plaintiff's action is for abduction, a tort. Our courts continue to apply the law of the place of the plaintiff's injury, the *lex loci,* in tort cases. *Henry v. Henry,* 291 N.C. 156, 229 S.E. 2d 158 (1976). The actual damages plaintiff seeks to recover in her action are for expenses incurred in her attempts to recover custody of her son and for emotional and mental suffering. Plaintiff came to North Carolina almost immediately after discovering that Alexandre was missing. Upon arrival, plaintiff confronted defendants, defendants denied her the right to be with her child, they secreted Alexandre, eventually to South Carolina, and plaintiff, unable to regain custody of her son or even to locate him, had to hire a detective and a law firm. While the wrongs allegedly committed by defendants in the present case were continuing wrongs, and plaintiff's alleged injuries were suffered both within North Carolina and outside of North Carolina, it was in North Carolina where defendants finally manifested the intent to deprive plaintiff of the custody of Alexandre, and the most significant of plaintiff's injuries occurred in North Carolina. Thus, North Carolina is the place of the tort and the place of the injury, and North Carolina tort law applies to this case. Moreover, we note that *La Grenade v. Gordon, supra,* clearly contemplates that North Carolina tort law is to be applied to this case.

[3] Defendants contend that the contract between plaintiff and defendant Robert Gordon was ineffective to give plaintiff a superior right to the custody of Alexandre. While the substantive law of North Carolina must be applied to the tort aspects of the present case, plaintiff's right to custody of Alexandre, being wholly dependent upon the validity of the contract which plaintiff and defendant Robert Gordon entered into, *see La Grenade v. Gordon, supra* (stating that a father may, by contract, surrender his common law right to custody of his child), must be determined under the law of Quebec, the place where the contract was made. *Fast*

*v. Gulley*, 271 N.C. 208, 155 S.E. 2d 507 (1967). A decision on a former appeal is the law of the case on all matters necessary to the decision and, as such, it is binding on the appellate court when the same question is raised on a subsequent appeal. *Transportation, Inc. v. Strick Corp., supra.* When our courts are confronted with cases involving questions of the law of foreign countries, G.S. 8-4 requires that we, *sua sponte*, take notice of such law. In the former appeal of this case, we addressed the question of whether plaintiff's complaint stated a claim for relief and we held that it did state a remediable claim for abduction. As plaintiff's complaint contained a duplicate of the actual written agreement of the parties, the same contract that was before the jury at trial was before this court on the former appeal. There, we stated that, taking the allegations of plaintiff's complaint as true,

> defendant Robert Gordon contracted away his common law right to custody of the minor child, but reserved a right to institute a custody action . . ., plaintiff was vested by contract with legal custody of the child . . . [and by] contractual agreement . . . she . . . had the right to institute a cause of action for abduction . . . .

*La Grenade v. Gordon, supra.* From the foregoing, it is clear that this Court has already considered the validity of the contract involved in the present appeal. We have no reason to believe that this Court failed to take notice of and apply the law of Quebec in its review of the contract. Our decision that the contract was valid was clearly necessary to the decision in the prior appeal because, had the contract been invalid, plaintiff's complaint would not have stated a claim for relief. *See La Grenade v. Gordon, supra.* Since our previous holding that the contract of the parties is valid is the law of the case, defendants' contention that the invalidity of the contract requires that a directed verdict be granted for defendants is without merit.

[4] By her first assignment of error, plaintiff contends that the trial judge erred in limiting the admissibility of certain evidence. At trial, plaintiff testified that when she was first reunited with her husband and her child at the grandparents' house in Winston-Salem, she took the baby in her arms only to have him forcibly taken away from her by defendants who then locked the baby in

the bathroom with his father away from plaintiff. Plaintiff testified that at that juncture defendant Betsy Gordon said to plaintiff, "we didn't do all that for nothing. We're going to keep the baby—and you just go out there." Upon defendants' objection, the trial judge instructed the jury that the statement could be used only against the declarant, Betsy Gordon, and not against defendants Robert and Dwight Gordon. Later, plaintiff proffered evidence as to what the testimony of defendant Dwight Gordon had been in a district court proceeding. Specifically, plaintiff sought to prove that defendant Dwight Gordon admitted in district court that it was he who had arranged for Robert Gordon and Betsy Gordon to bring Alexandre to North Carolina. Plaintiff sought to have this evidence admitted against defendant Dwight Gordon alone, but the trial court excluded the evidence upon defendants' objection.

Once a conspiracy has been established, the declaration of one of the conspirators, if made while the conspiracy existed and in furtherance of it, is admissible against his co-conspirators. *State v. Tilley*, 292 N.C. 132, 232 S.E. 2d 433 (1977); 2 Brandis on North Carolina Evidence § 173 (1982) and cases cited therein. The trial judge has the discretion to admit declarations of a conspirator against his co-conspirators subject to later proof of the conspiracy. *Id.* The rule is applicable in civil cases as well as in criminal cases. *Hart Cotton Mills v. Abrams*, 231 N.C. 431, 57 S.E. 2d 803 (1950); 2 *Brandis* § 173. It has been stressed that the *statement itself* must be in furtherance of the common design and that mere narrative of past declarations, even if originally made during the existence of the conspiracy, may not be offered at trial against the "narrator's" co-conspirators. *State v. Cole*, 249 N.C. 733, 107 S.E. 2d 732 (1959); 2 *Brandis* § 173. It is well established that a prior admission of a party to an action is admissible at trial against him in spite of the fact that, as offered, it is hearsay evidence. *See* 2 *Brandis* § 167 and numerous cases cited therein. Such admissions may consist of written or oral statements or nonverbal conduct and, apparently, it does not need to be shown that the declarant has personal knowledge of the admitted facts. *Id.* The only limitation on such evidence is the normal relevancy limitation. *Id.* Of course, admissions made during the course of judicial proceedings are admissible. *Id., citing Allen v. Allen*, 213 N.C. 264, 195 S.E. 801 (1938).

Applying these rules to the two items of evidence proffered by plaintiff, defendant Betsy Gordon's statement was admissible against all defendants as a declaration of a co-conspirator made during and in furtherance of a conspiracy to abduct Alexandre. Defendant Dwight Gordon's declaration made in district court should have been admitted against him as an admission of a party opponent but was properly excluded as to his co-conspirators because it was not made in furtherance of the conspiracy but was a mere narration of past acts done during the course and in furtherance of the conspiracy. As to defendant Betsy Gordon's declaration we note that it was admissible because plaintiff had already made a *prima facie* showing of the existence of a conspiracy by testifying, without objection, to the fact (among others) that Dwight Gordon had told her that he, Dwight Gordon, had arranged with Betsy Gordon and Robert Gordon to bring Alexandre to Winston-Salem. Clearly, Betsy Gordon's statement was made in furtherance of the plan to deprive plaintiff of the custody of her son. Thus, her declaration was admissible against all defendants. Defendants contend that under the rule of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476 (1968), Betsy Gordon's statement was not admissible against her co-defendants because Betsy Gordon did not testify and therefore her co-defendants had no opportunity to cross-examine her. This contention is without merit. The exception which *Bruton* creates to the co-conspirator declaration hearsay exception is narrow and it is based solely on the right to confrontation, which right belongs to criminal defendants. *Bruton* creates no exception to the rules set out in 2 *Brandis* § 173 as they apply to this case. As to defendant Dwight Gordon's district court admission, we think it readily apparent from the above discussion why that admission is admissible against him.

[5] By her second assignment of error, plaintiff contends that the trial court erred in excluding plaintiff's exhibit number five, an order of a South Carolina court awarding custody of the child Alexandre to plaintiff, as evidence against defendants Dwight and Betsy Gordon. Plaintiff contends that the exhibit was relevant for purposes of showing her damages because it helps to show what steps she had to take in order to recover custody of Alexandre. We agree that the exhibit was relevant for those purposes. Defendants maintain that the exhibit was properly excluded because

it was potentially prejudicial to defendants Dwight and Betsy Gordon, especially since they were not parties to the custody proceeding. While we agree with defendants that the evidence was potentially prejudicial, nevertheless it was admissible, and a limiting instruction could have effectively prevented any prejudice from resulting from its admission. To exclude the exhibit as to defendants Dwight and Betsy Gordon was error.

For the reasons stated, the trial court erred in directing a verdict for defendants and this case must be remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded for a new trial.

Chief Judge VAUGHN and Judge BRASWELL concur.