BURKE COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION v. JUNO CON-
STRUCTION CORPORATION and STATESVILLE ROOFING & HEATING
COMPANY

No. 8225SC983

(Filed 20 September 1983)

**1. Appeal and Error § 68.3— denial of motion to amend pleadings—former decision—law of the case**

In an action for breach of contract to maintain a school roof, the appellate
court's decision in a prior appeal affirming the trial court's ruling denying
defendant's motion to amend its pleadings to allege unenforceability of the
maintenance contract became the "law of the case" on that issue.

**2. Evidence § 47— expert testimony based partly on testimony of another expert**

In an action for breach of contract to maintain a school roof, plaintiff's ex-
pert witness could properly base part of his estimate of the amount of
damages caused as a result of defendant's failure to maintain the roof between
1973 and 1978 on the previous testimony of another roofing expert who viewed
the roof in 1977 and 1981.

**3. Contracts § 29.2— breach of contract to maintain roof—measure of damages**

The proper measure of damages for breach of a contract to maintain a
school roof was the cost of repair, and plaintiff's expert witness could properly
base his estimate of the cost of repair by taking the actual cost of repair in
1981 and reducing that figure to reflect price levels during the years for which
defendant was liable.

APPEAL by defendant from *Snepp, Judge*. Judgment entered
28 April 1982 in BURKE County Superior Court. Heard in the
Court of Appeals 23 August 1983.

The current appeal marks the second time this case has been
considered by this court. Plaintiff, Burke County Board of Educa-
tion, contracted with the Shaver Partnership to design a roof for
plaintiff's Freedom High School. Defendant Juno Construction
Corporation was the general contractor and defendant States-
ville Roofing & Heating Company was the subcontractor for the
roofing job. In 1979, after leaks developed in the high school roof,
plaintiff sued both defendants for faulty installation of the roof
and for breach of their contracts. Plaintiff also sued defendant
Statesville Roofing & Heating Company for an alleged violation of
Statesville Roofing's contract to maintain the high school roof. At
the initial trial, the trial court denied defendant Statesville Roof-
ing's motion to amend its pleading to allege the unenforceability

of the roof maintenance contract. The jury found that both Juno and Statesville Roofing breached their contracts with plaintiff. The jury found further, however, that defects in the roof were the result of defective roof design furnished to defendants by plaintiff, and no damages were awarded plaintiff.

Plaintiff appealed to this court, which affirmed the judgment below as to Juno Construction, but found defendant Statesville Roofing liable on the roof maintenance contract. The Court of Appeals upheld the trial court's ruling denying Statesville Roofing's motion to amend the pleadings to allege unenforceability of the maintenance contract. We then remanded for determination of damages owing plaintiff by defendant Statesville Roofing. *See Burke County Public Schools Board of Education v. Juno Construction Corporation and Statesville Roofing & Heating Company,* 50 N.C. App. 238, 273 S.E. 2d 504 (1981). Our Supreme Court granted discretionary review, 302 N.C. 396, 279 S.E. 2d 350 (1981), but later dismissed the petition for review as improvidently granted, 304 N.C. 187, 282 S.E. 2d 778 (1981).

On remand in 1982, the trial court denied defendant's renewed motion to amend its pleadings to allege the unenforceability of the roof maintenance contract, and denied defendant's motions for summary judgment and directed verdict. The trial court also overruled defendant's objections to admission of expert testimony concerning the amount of damage to the Freedom High School roof. The jury determined damages at $100,000.00, and defendant appealed.

*Simpson, Aycock, Beyer & Simpson, P.A., by Samuel E. Aycock, for plaintiff.*

*Raymer, Lewis, Eisele, Patterson & Ashburn, by Douglas G. Eisele, for defendant Statesville Roofing & Heating Company.*

WELLS, Judge.

[1] In its first assignment of error, defendant argues that the trial court erred in denying its motion to amend the pleadings to allege unenforceability of the roof maintenance contract. This identical motion was made by defendant, and denied by the court in the initial trial of this case in 1979. The trial court's denial of the motion to amend was affirmed by this court in *Board of Education v. Construction Corp., supra.*

Where a question before an appellate court has previously been answered on an earlier appeal in the same case, the answer to the question given in the former appeal becomes "the law of the case" for purposes of later appeals. *La Grenade v. Gordon*, 60 N.C. App. 650, 299 S.E. 2d 809 (1983); *see also Complex, Inc. v. Furst and Furst v. Camilco, Inc. and Camilco, Inc. v. Furst*, 57 N.C. App. 282, 291 S.E. 2d 296, *disc. rev. denied*, 306 N.C. 555, 294 S.E. 2d 369 (1982). This assignment is, therefore, overruled. In its present appeal, defendant advances another theory in support of its motion to amend, i.e., that its agreement with plaintiff was unenforceable as against public policy. Such additional arguments may not serve to change the law of this case on this point.

[2] Defendant also assigns as error the trial court's allowing plaintiff's expert witness Luther Pinkerton to estimate the amount of damages caused to plaintiff's roof as a result of defendant's failure to maintain the roof between August 1973 and August 1978, as required by the contract. Defendant raises four objections to Pinkerton's testimony. First, defendant argues Pinkerton had no firsthand knowledge of the condition of the roof before 1981, and was improperly permitted to base part of his estimates on testimony of Thomas Anderson, a roofing expert, who viewed the roof in 1977 and 1981.

It is well established that an expert witness need not have firsthand knowledge of all matters upon which he bases an opinion. He may, for instance, base an opinion upon previous testimony given in the same trial. McCormick, *The Law of Evidence*, § 14 (1972), 1 Brandis, *North Carolina Evidence*, § 136 (2d Rev. Ed. 1982), *see also State v. Wade*, 296 N.C. 454, 251 S.E. 2d 407 (1979).

Second, defendant argues that Anderson did not view all areas of the roof in 1977, and therefore could not accurately distinguish between damage existing in 1977, for which defendant was responsible, and damage occurring after August 1978, for which defendant was not liable. Although there was some evidence at trial that Anderson did not personally inspect every square foot of the roof in 1977, this is not sufficient to bar his testimony, nor to prevent Pinkerton from basing his cost estimates upon Anderson's testimony. Rather, defendant's objection goes to the weight and credibility of the evidence, a matter for the jury.

Third, defendant contends Pinkerton failed to base his damage estimate on the cost required to make the roof conform to the original specifications. There is ample evidence in the record showing that Pinkerton did use the original specifications in his calculations; therefore, the trial judge did not err in permitting Pinkerton's testimony on this point.

Finally, defendant objects that Pinkerton determined the amount of damage in 1977 dollars, by taking the actual cost of repairs made in 1981 and reducing that figure by 25 percent. Defendant argues the 25 percent figure is arbitrary and that the formula includes damages occurring between 1977 and 1981, for which defendant is not contractually liable.

[3] The correct measure of damage in construction contract cases is the cost of repairing the structure to make it conform to contract specifications. Where substantial destruction of the structure is required to remedy the defects, however, the correct measure of damage is the value of the building as contracted for, minus the value of the building as actually constructed. *LaGasse v. Gardner,* 60 N.C. App. 165, 298 S.E. 2d 393 (1983); *Robbins v. Trading Post, Inc.,* 251 N.C. 663, 111 S.E. 2d 884 (1960). There was no evidence at trial that repairing the roof would require substantial destruction of plaintiff's school. Therefore, cost of repair was the proper measure of damages, and plaintiff's evidence concerning the 1981 costs was relevant and admissible. This court is not aware, nor has defendant cited any cases which forbid determining costs of repairs in a past year, by discounting current costs to reflect earlier price levels and the effect of inflation on those levels. The accuracy of the method, as well as the question whether Pinkerton properly calculated the damages to omit defects arising after 1978, when defendant's liability ceased, again go to the weight and credibility of the testimony, rather than its admissibility. Defendant was free to cross-examine Pinkerton, to call expert witnesses of its own, and to argue credibility to the jury. Defendant's assignment of error is overruled.

Because there was admissible evidence on the issue of damages, and because the trial judge correctly denied defendant's motion to amend the pleadings, there was no error in the court's decision to deny summary judgment, deny defendant's motion to dismiss and to enter judgment on the verdict.

No error.

Judges HEDRICK and PHILLIPS concur.