PATRICIA GRAHAM, Plaintiff-Appellant v. HARDEE'S FOOD SYSTEMS, INC., Defendant-Appellee

No. 9418SC449

(Filed 16 January 1996)

1. **Judgments § 268 (NCI4th); Trial § 226 (NCI4th)— second dismissal against employee—derivative claims against employer barred**

Plaintiff's second voluntary dismissal against defendant employee operated to bar her derivative claims against defendant employer, including a claim for negligent supervision and retention. N.C.G.S. § 1A-1, Rule 41(a)(1)(ii).

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 73-77.**

**What dismissals preclude a further suit, under federal and state rules regarding two dismissals. 65 ALR2d 642.**

2. **Labor and Employment § 68 (NCI4th)— constructive wrongful discharge—insufficient evidence**

The North Carolina courts have not yet adopted the tort of constructive wrongful discharge. Assuming the existence of such a cause of action, the trial court did not err by dismissing plaintiff's claim where there was no evidence of intolerable conditions deliberately created by the employer to force plaintiff to leave her job.

**Am Jur 2d, Job Discrimination §§ 1091-1099; Wrongful Discharge § 8.**

**Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.**

**Circumstances in Title VII employment discrimination cases (42 USCS secs. 2000e et seq.) which warrant finding of "constructive discharge" of discriminatee who resigns employment. 55 ALR Fed. 418.**

**When is work environment intimidating, hostile, or offensive, so as to constitute sexual harassment in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS secs. 2000e et seq.). 78 ALR Fed. 252.**

**3. Negligence § 6 (NCI4th)— negligent infliction of emotional distress—insufficient evidence**

Plaintiff's claim against her former employer for negligent infliction of emotional distress must fail where plaintiff's second dismissal of her claim against a district manager relieved the employer of liability under a theory of ratification of the district manager's improper conduct, and plaintiff presented no evidence of extreme and outrageous conduct by the employer.

**Am Jur 2d, Fright, Shock, and Mental Disturbance § 44.5; Wrongful Discharge § 159.**

**Liability of employer, supervisior, or manager for intentionally or recklessly causing employee emotional distress. 52 ALR4th 853.**

Appeal by plaintiff from order entered 2 December 1993 by Judge Russell G. Walker in Guilford County Superior Court. Heard in the Court of Appeals 21 March 1995.

Plaintiff filed suit 3 June 1991 against defendants Hardee's Food Systems, Inc. (Hardee's) and Ronald Rogers, a Hardee's district manager, for assault and battery, intentional infliction of emotional distress, wrongful termination, and negligent hiring and retention of an employee. Plaintiff based her claims upon alleged sexual advances, untoward comments, and uninvited touchings made by Rogers. Plaintiff took a voluntary dismissal without prejudice as to both defendants on 27 November 1991.

Plaintiff refiled against both defendants on 4 November 1992, asserting the same causes of action as the earlier complaint, with the addition of a claim for punitive damages. After extensive discovery,

Hardee's moved for summary judgment. Before the hearing on Hardee's motion, plaintiff voluntarily dismissed her claim against Rogers. The trial court granted Hardee's motion for summary judgment on all claims in an order filed 2 December 1993. From this order, and an earlier order granting Hardee's motion to suppress plaintiff's changes to deposition testimonies, plaintiff appeals.

*Joseph Edward Downs and Jeffrey S. Lisson, for plaintiff-appellant.*

*Blakeney & Alexander, by W. T. Cranfill, Jr., and Michael V. Matthews, for defendant-appellee.*

McGEE, Judge.

[1] The crucial issue in this case is whether plaintiff's second voluntary dismissal against Ronald Rogers operates to bar her derivative claims against Hardee's. We hold that it does and affirm the granting of summary judgment for Hardee's.

"[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim." N.C.R. Civ. P. 41(a)(1)(ii). Such a dismissal is with prejudice, and it operates as a disposition on the merits and precludes subsequent litigation in the same manner as if the action had been prosecuted to a full adjudication against the plaintiff. *Barnes v. McGee*, 21 N.C. App. 287, 289, 204 S.E.2d 203, 205 (1974). As our Supreme Court has said:

> "It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and privies, in all other actions involving the same matter. . . . (W)hen a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed."

*Masters v. Dunstan*, 256 N.C. 520, 523-24, 124 S.E.2d 574, 576 (1962) (citations omitted). Since plaintiff twice dismissed her claims against Rogers, this served as an adjudication in his favor upon the merits. Plaintiff is precluded from retrying these issues or calling into question any alleged wrongdoing by Rogers in her action against Hardee's based upon the conduct of Rogers.

**GRAHAM v. HARDEE'S FOOD SYSTEMS**

[121 N.C. App. 382 (1996)]

Plaintiff argues the trial court erred in granting summary judgment for Hardee's on her claims of negligent supervision and retention, wrongful discharge, negligent infliction of emotional distress, and punitive damages, claiming these actions are independent of her claims against Rogers. However, contrary to plaintiff's contentions, each of these claims as presented by plaintiff is dependant upon the alleged tortious conduct of Rogers. Since Rogers has been adjudicated not liable for the alleged conduct as a result of plaintiff's second voluntary dismissal of her claims against him, the remaining claims against Hardee's must also fail.

As to plaintiff's first claim, before an employer will be held liable for the tort of negligent retention and supervision of an employee, "plaintiff must prove that the incompetent employee committed a tortious act resulting in injury to plaintiff and that prior to the act, the employer knew or had reason to know of the employee's incompetency." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 495, 340 S.E.2d 116, 124, *disc review denied*, 317 N.C. 334, 346 S.E.2d 141 (1986). The only tortious conduct by an employee of Hardee's that plaintiff has alleged is the acts of Rogers which were the basis of her claims against him. As a result of the second dismissal of her claims against Rogers, it has been judicially determined that Rogers is not liable for any tortious conduct. Therefore, plaintiff has not shown that an employee of Hardee's committed a tortious act and this cause of action fails.

[2] Plaintiff next argues the trial court erred in dismissing her claim for wrongful discharge. Plaintiff admits she quit her job and was never fired by Hardee's. However, she claims Hardee's is liable for wrongful discharge because they made her working conditions "intolerable," resulting in a "constructive discharge."

We first note that North Carolina courts have yet to adopt the employment tort of constructive discharge. The Fourth Circuit Court of Appeals, which does recognize constructive discharge as a cause of action, has said that a plaintiff alleging constructive discharge "must demonstrate that the employer deliberately made working conditions intolerable and thereby forced [the plaintiff] to quit." *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 944 (4th Cir. 1992). "Deliberateness exists only if the actions complained of 'were intended by the employer as an effort to force the employee to quit' ". *Id.* (Citations omitted).

Assuming, *arguendo*, we accept the existence of a cause of action for constructive discharge, the record on appeal contains no evidence of intolerable conditions deliberately created by Hardee's to force plaintiff to leave her job. "[W]hen the moving party presents an adequately supported motion [for summary judgment], the opposing party must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case, or otherwise suffer a summary judgment." *Connor Co. v. Spanish Inns*, 294 N.C. 661, 675, 242 S.E.2d 785, 793 (1978). We note plaintiff has made several unsuccessful attempts to have additional materials added to the record which she claims contain evidence of acts by Hardee's to create intolerable working conditions. However, the transcript shows these materials were not properly tendered for consideration on defendant's motion for summary judgment and were not considered by the trial court. They are not part of the official record, and therefore, are not properly before us and we may not consider them. *See* N.C.R. App. P. 9 ("[R]eview is solely upon the record on appeal and the verbatim transcript of proceedings. . . .") The only forecast in the record of intolerable conditions is the allegations contained in the complaint. Further, the record contains no evidence these alleged conditions were deliberately created or allowed to continue by Hardee's in an attempt to force plaintiff to quit. Plaintiff has no cause of action under a theory of constructive discharge.

Even if plaintiff could prove a constructive discharge, in order to state a claim for a wrongful discharge as an at-will employee, she would still have to prove the discharge was in contravention of North Carolina public policy or statute. *See Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989). The only allegations made by plaintiff which could show a violation of public policy or statute involve the claims against Rogers for which it has been judicially determined he is not liable. Since plaintiff cannot prove a constructive discharge, and she was never fired by Hardee's, her claim for wrongful discharge fails.

[3] Likewise, plaintiff's claim for negligent infliction of emotional distress must also fail. As plaintiff admits in her brief, her second dismissal of Rogers relieved Hardee's of liability under a theory of ratification of Roger's conduct. To show an independent cause of action against Hardee's, plaintiff needed to present facts showing Hardee's engaged in extreme and outrageous conduct intended to cause, and which did in fact cause, severe emotional distress. *See Bryant v.*

*Thalhimer Brothers, Inc.*, 113 N.C. App. 1, 7, 437 S.E.2d 519, 522 (1993), *disc. review denied and appeal dismissed*, 336 N.C. 71, 445 S.E.2d 29 (1994). As discussed above, plaintiff, as the non-movant, must come forward with facts to counter a proper motion for summary judgment. The official record contains no factual evidence showing Hardee's engaged in extreme or outrageous conduct. The only forecast of evidence concerning Hardee's conduct is the allegation in the complaint that Hardee's "sanctioned, condoned, and ratified Rogers' improper, illegal, and tortious conduct." Since plaintiff presented no evidence of extreme and outrageous independent acts of Hardee's, summary judgment for defendant on plaintiff's claim for negligent infliction of emotional distress was proper.

Plaintiff's brief did not contain an argument concerning her assignment of error involving the grant of defendant's motion to suppress changes to deposition testimony, and this assignment of error is deemed abandoned. N.C.R. App. P. 28(a). Because of our holding, we need not discuss plaintiff's remaining assignments of error and arguments. The trial court's grant of summary judgment in favor of Hardee's is affirmed.

Affirmed.

Judges JOHNSON and COZORT concur.