**Fernando J. CORTES, Plaintiff,**

v.

**McDONALD'S CORPORATION, F & D Huebner, L.L.C., d/b/a McDonald's Restaurant and Charles Harris, III, Defendants.**

**No. 5:95–CV–827–H.**

United States District Court, E.D. North Carolina, Western Division.

June 3, 1996.

H.C. Kirkhart, Cary, NC, for plaintiff.

Frank P. Ward, Jr., Maupin, Taylor, Ellis & Adams, R. Scott Brown, John B. Meuser, Shannon E. Brown, Maupin, Taylor, Ellis & Adams, Raleigh, NC, for McDonald's Corporation.

Frank P. Ward, Jr., R. Scott Brown, Shannon E. Brown, Maupin, Taylor, Ellis & Adams, Raleigh, NC, for F & D Huebner, L.L.C. d/b/a McDonald's Restaurant, Charles Harris, III.

### ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court following the court's April 7, 1996, request for supplemental briefs solely on the issue of the North Carolina Supreme Court's likely position on the existence of the tort of constructive discharge. Pursuant to this April 7, 1996, order, defendants' supplemental brief was due on April 29, 1996, and plaintiff's response was due on May 13, 1996. No response has been received from the plaintiff.

### DISCUSSION

■ This court has previously noted that the tort of wrongful discharge is only actionable in North Carolina if a plaintiff is in fact "discharged." *Gravitte v. Mitsubishi Semiconductor America*, 109 N.C.App. 466, 472, 428 S.E.2d 254 (1993). In the instant matter, plaintiff admits he quit his job after allegedly being reassured that he would receive full unemployment benefits. Compl. ¶ 22, ¶ 31. Consequently, since plaintiff voluntarily resigned from defendants' employ, he cannot bring a claim for wrongful discharge. *Gravitte*, 109 N.C.App. at 472, 428 S.E.2d 254. Plaintiff's discharge claim is therefore only actionable if he can validly assert a claim for constructive discharge.

As recently noted by the Court of Appeals of North Carolina, "North Carolina courts have yet to adopt the employment tort of constructive discharge." *Graham v. Hardee's Food Systems*, 121 N.C.App. 382, 385, 465 S.E.2d 558 (N.C.Ct.App.1996). The Court of Appeals of North Carolina nonetheless acknowledged the tort of "constructive wrongful discharge" in the case of *Wagoner v. Elkin City Schools' Board of Education*, 113 N.C.App. 579, 440 S.E.2d 119 (1994). Thus, in this court's April 7, 1996, order the court reserved its ruling on plaintiff's constructive discharge claim pending supplemental briefing by the parties.

Defendants' supplementary memorandum, filed April 29, 1996, persuasively contends that if this case were before the North Carolina Supreme Court that court would decide the tort of constructive discharge does not exist in North Carolina and should not be recognized under North Carolina law. Suppl.Mem.Supp.Defs.Mot.Recons. and Mot.Dismiss at 3. Defendants state that public policy considerations in addition to North Carolina's strong commitment to the employment-at-will doctrine dictate against the further expansion of the wrongful discharge doctrine to recognize a new cause of action for constructive discharge or constructive wrongful discharge. *Id.* at 4. Defendants also contend that even if the North Carolina Supreme Court were to consider a

cause of action for constructive discharge or constructive wrongful discharge, the allegations in plaintiff's complaint fail to state a claim upon which relief can be granted. *Id.* at 9.

■ This court finds defendants' arguments against recognizing the tort of constructive discharge convincing. However, the court is also convinced that even if the tort were recognized in North Carolina plaintiff has failed to state such a claim. The North Carolina Pattern Jury Instruction ("N.C.P.I.") for constructive termination, in which it is conceded via footnote that "[n]o reported North Carolina appellate decision appears to have dealt directly with constructive termination," provides, "[a]n employee is constructively terminated when his employer deliberately makes the employee's working conditions intolerable and thereby forces the employee to quit his job." N.C.P.I.—Civil 640.02 (May 1991). Likewise, the Fourth Circuit has stated, "[i]n this circuit, the standard for constructive discharge requires a plaintiff to show both intolerable working conditions and a deliberate effort by the employer to force the employee to quit." *Johnson v. Shalala,* 991 F.2d 126, 131 (4th Cir. 1993). *See also Blistein v. St. John's College,* 74 F.3d 1459 (4th Cir.1996).

In the instant matter, plaintiff's claim for constructive termination is supported by a list of six alleged actions: (a) plaintiff was not allowed to continue the management training program; (b) plaintiff was given money, provided with transportation, and taken out to lunches and drinking excursions; (c) plaintiff was told that other employees would learn of his HIV status and refuse to work with him; (d) plaintiff was counseled by defendant Harris and strongly urged to terminate his employment; (e) plaintiff was guaranteed full unemployment benefits; and (f) plaintiff was given time off to confirm his HIV test and to adjust to his condition. Compl. ¶ 20. Rather than being intolerable, all of these allegations except the first appear to have been beneficial to plaintiff or aimed at helping plaintiff realize the possible consequences of his situation. Furthermore, not allowing plaintiff to continue in the management training program and urging him to terminate his employment certainly do not rise to the level of intolerability required to bring a constructive discharge cause of action. *See Blistein v. St. John's College,* 74 F.3d 1459 (4th Cir.1996). Plaintiff's constructive discharge claim must therefore be dismissed.

### CONCLUSION

■ As this court has stated before, "the generally held view [is] that federal courts applying a state's law should not provide a cause of action which that state has not recognized." *Selman v. American Sports Underwriters, Inc.,* 697 F.Supp. 225, 241 (W.D.Va.1988). North Carolina courts have yet to recognize the tort of constructive discharge. Moreover, even if the North Carolina courts were to recognize the tort of constructive discharge, the allegations in plaintiff's complaint fail to state a claim upon which relief may be granted.

Accordingly, the court hereby AMENDS its order of January 26, 1996, to include the DISMISSAL of plaintiff's constructive discharge cause of action. Thusly, there remains before this court, for further disposition and/or trial, plaintiff's ADA cause of action against defendants McDonald's Corporation and F & D Huebner.