**LaDonna HARRISON, Plaintiff,**

v.

**EDISON BROTHERS APPAREL STORES, INC., Defendant.**

**No. C–87–886–WS.**

United States District Court, M.D. North Carolina, Winston–Salem Division.

Feb. 19, 1993.

See also 724 F.Supp. 1185, 814 F.Supp. 457.

Harold L. Kennedy, III, Harold L. Kennedy, Jr., Kennedy, Kennedy, Kennedy & Kennedy, William L. Durham, Winston–Salem, NC, for plaintiff.

James M. Powell, Haynsworth, Baldwin, Johnson and Greaves, P.A., Greensboro, NC, Joslin Davis, Davis & Harwell, P.A., Winston–Salem, NC, Robert S. Phifer, Gregory P. McGuire, Haynsworth, Baldwin, Johnson and Greaves, P.A., Greensboro, NC, for Edison Bros. Apparel Stores, Inc.

## MEMORANDUM OPINION

OSTEEN, District Judge.

The matter currently before the court is the motion by Defendant Edison Brothers Apparel Stores, Inc. ("Edison") requesting that sanctions be imposed against Plaintiff, Plaintiff's attorney, Mr. Harold Kennedy, III, or both, under Rule 11 of the Federal Rules of Civil Procedure. For the reasons discussed below, this court is constrained to grant the motion and award sanctions.

### I. Background

Plaintiff LaDonna Harrison commenced a lawsuit against Edison and one of its store managers, Melvin Wall, Jr., in 1987. On or about June 1989, Wall was dismissed with prejudice. Wall's counsel, Ms. Joslin Davis, began serving as co-counsel of record for Edison in 1991. Davis gave notice

to Kennedy on or about April 18, 1991, that she was serving as co-counsel.

On April 23, 1991, the Final Pretrial Conference was held. Kennedy raised the issue of a possible conflict of interest with Davis serving as co-counsel for the corporate defendant. Senior Judge Eugene A. Gordon, who presided, directed that if Kennedy intended to file a motion to disqualify that he should go ahead and do so.

More than a year later, on August 28, 1992, notice was sent to the parties that the case was set for jury trial to begin on November 16, 1992. On October 8, 1992, a conference was called by the court. Toward the end of the proceedings, the court inquired if anything else needed to be considered. Kennedy raised the possibility of filing a motion to disqualify. The court expressed the opinion that such a motion should have been filed already if it were going to be filed, but stated that the lawyers were privileged to do what they thought was in the best interest of their clients.

On or about November 2, 1992, almost 19 months after Davis gave notice that she was serving as co-counsel, and only two weeks before trial, Kennedy signed and filed a Motion for Disqualification of Counsel ("the Motion" or "Motion to Disqualify"). Neither his co-counsel nor his client signed it. There is no evidence that co-counsel even knew that the motion was being filed. While Kennedy indicates that he would not have filed the Motion without the consent of his client, there is no evidence that the client understood or appreciated the substance of the Motion or the seriousness of the late filing. After response by the Defendant, the Motion to Disqualify was denied.

On November 12, 1992, Edison filed its motion for Rule 11 sanctions.

## II. Legal Analysis

### A. The Appropriateness of Rule 11 Sanctions

Rule 11 requires that an attorney who signs a document filed in federal court, certify that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, *and* that it is not interposed for any improper purpose such as to harass, cause delay or needlessly increase litigation expenses of the opponent. Fed.R.Civ.P. 11 (emphasis added). An "objective standard of reasonableness" rather than a subjective standard, is to be used by the court in determining whether Rule 11 has been violated. *Stevens v. Lawyers Mut. Liab. Ins. Co. of North Carolina,* 789 F.2d 1056, 1060 (4th Cir.1986).

██ Based on such an objective standard, the court concludes that the late date on which the Motion was filed indicates an attempt to interrupt opposing counsel's trial preparation and increase litigation costs. There appears to be no reason why the Motion could not have been filed at a much earlier and timely date.

Kennedy suggests several reasons why Rule 11 sanctions should not be imposed. First, Kennedy states that:

> On October 12, 1992, Plaintiff's counsel started conducting extensive legal research at the Wake Forest University Law Library on the question of disqualification of counsel. Plaintiff's counsel read over fifty cases dealing with the issue, several ethics treatises and books, and the North Carolina and American Bar Association Codes of Professional Responsibility. During Plaintiff counsel's legal research, he discovered the decision of the Supreme Court of North Carolina in *Yates v. New South Pizza,* 330 N.C. 790, 412 S.E.2d 666 (1992). It was only after Plaintiff's counsel discovered *Yates* that he thought there was a clear conflict of interest.

*Plaintiff's Response to Defendant's Motion for Sanctions* at 2.

This evidence shows that Kennedy made some inquiry into the issue, however, it does not explain why the Motion was filed so late. The late *timing* of the Motion to Disqualify is the critical basis for imposing

Rule 11 sanctions.[1] Significantly, Kennedy gives no reason as to why he decided to begin his research at such a late date. Furthermore, the affidavit of Phillip Banks submitted by Kennedy, does not address the issue of lateness nor does it indicate that the affiant was in possession of sufficient details of this case in order to render an opinion. Thus, the court is unable to give substantial weight to that affidavit.

■ Kennedy also suggests that motions based on ethical considerations can never form the basis of a Rule 11 claim. The court simply notes that this cannot be the law. First, there is no such limitation in the language of Rule 11 itself. Secondly, if this were the rule, any motion to disqualify counsel, even one utterly and admittedly without merit, could be cloaked under the label of an ethical consideration—such a result is obviously inconsistent with the purposes of Rule 11. Additionally, such a result is inconsistent with the Rules of Ethics. Indeed the Comment to Rule 5.1 of the North Carolina Rules of Professional Conduct, which deals with conflicts of interest, expressly states that an objection to representation by opposing counsel "should be viewed with caution, however, for it can be misused as a technique of harassment." *See also Allegaert v. Perot,* 565 F.2d 246, 251 (2nd Cir.1977) ("disqualification motions have become 'common tools of the

litigation process, being used … for purely strategic purposes.'" (citations omitted)).

Kennedy also suggests that "[d]efendant refused to follow and, in fact, totally circumvented the safe-harbor provision of Rule 11(c)(1)." *Plaintiff's Objection and Supplemental Response to Defendant's Motion for Sanctions* at 1. At the hearing, Kennedy offered to the court a photocopy, purporting to be the "new" Rule 11, including this safe-harbor provision. The "new" Rule 11 was, in fact, an August 15, 1991, preliminary draft of a proposed amendment to Rule 11 by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. Leaving aside the fact that providing the court with proposed rules purporting to be current law is itself likely a violation of Rule 11, it is obvious that Kennedy's argument based on the proposed rule is totally without merit.[2]

Finally, the court notes that at least once during this litigation, Kennedy himself appeared to be aware of the substantial problems and potential unfairness caused by his untimely filing of the Motion. Ironically, the following colloquy took place between Kennedy and the court on December 1, 1992:

> Court: I propose to take … [Edison's Motion for Sanctions in response to Kennedy's Motion to Disqualify] up as

---

1. The court notes that *Yates* was decided in January 1992. The court further notes that *Yates* is of limited, if any, relevance to the Motion to Disqualify. *Yates* involves vicarious liability of an employer, and the vicarious claims against Edison have not been part of this lawsuit for quite some time. Perhaps an argument can be fashioned that a conflict of interest exists between an employee and an employer when the employer is charged with negligent retention of an employee. However, *Yates* is not the cornerstone of such an argument. Additionally, all of the remaining case law relied on by Kennedy in his Motion to Disqualify is inapplicable, in that all the cases relate to situations of multiple representation, simultaneous representation of opposing parties, or use of privileged information obtained from a former client. While the court need not rest its decision to impose sanctions based on the lack of merit of the Motion to Disqualify, the fact that there is little, if any, substantive merit to the Motion supports the court's conclusion that the

Motion was interposed for an improper purpose.

2. Proposed Rule 11(c)(1) states that:

> A motion for sanctions under this rule shall be served separately from other motions and requests, and shall describe the specific conduct alleged to violate subsection (b). It shall not be filed with, or presented to, the court unless the challenged claim, defense, request, demand, objection, contention, or argument is not corrected within 21 days (or such other time as the court may prescribe) after service of the motion.

The court notes that should a new Rule 11 ultimately be adopted some consideration should be given to the fact that motions filed for an improper purpose could be filed within 21 days of trial. Perhaps the 21-day-safe-harbor period should apply only to "frivolous" motions without any legal merit rather than motions filed for an "improper purpose."

soon as the jury completes its work in here, whenever that may be....

Kennedy: Okay. *I have not had a chance to respond to that motion.*

Court: Then I sure would do it; I'm planning on taking it up as soon as we get through with this case.

Kennedy: *Of course we have been tied up in this trial.*

Court: Unfortunately, people were tied up getting ready for the trial, too....

Kennedy: Okay. I knew, of course, I would have a right to respond in writing. *I, of course, haven't had a chance to do that.* I didn't know.

(Emphasis added.) [3]

In sum, finding no valid reason why the Motion was filed only two weeks before trial, this court concludes, based upon an objective standard that Plaintiff's Motion to Disqualify was interposed for improper purposes, to harass opposing counsel, to cause unnecessary delay in the lawsuit, and to needlessly increase the cost of litigation. Consequently, Rule 11 sanctions are appropriate.

### B. *The Amount of the Sanctions*

Rule 11 requires the court, upon finding a violation of the rule, to impose upon the person who signs the paper, a represented party, or both, an appropriate sanction which may include an order to pay the other party the reasonable expenses incurred because of the improper filing, including a reasonable attorney's fee. Fed. R.Civ.P. 11.

Davis has filed an affidavit with the court itemizing the Defendant's costs associated with defending the Motion totalling $2,008.00.00. This court, after reviewing the affidavit and time records with charges attached thereto, finds the hourly rate and time involved to be reasonable and necessary.

█ Lastly, the issue of responsibility must be addressed. Responsibility would appear to be a simple matter since Kenne-

dy's signature is the only one appearing on the Motion and there is no evidence suggesting that anyone else conceived of or participated in the filing of the Motion. However, Kennedy does not even concede this issue. At the January 22, 1993, hearing, Kennedy attempted to place the responsibility for the decision to file the Motion on his client, suggesting that Plaintiff Harrison should be financially responsible for any sanctions the court may impose. The court finds Kennedy's position on this issue to be totally untenable. Additionally, the court finds that co-counsel Mr. William Durham is not responsible for the filing of the Motion either. Therefore, the court finds that Kennedy and his firm alone should bear the financial burden of the sanctions.

---

**3.** The court ultimately chose to postpone the hearing on the Rule 11 matter until January 22, 1993.