Ladonna **HARRISON,** Plaintiff–Appellant,

v.

**EDISON BROTHERS APPAREL STORES, INCORPORATED,** Defendant–Appellee,

and

**Melvin Wall, Jr., Defendant.**

No. 93–1312.

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1995.

Decided Aug. 10, 1998.

**ARGUED:** Harvey Leroy Kennedy, Sr., Kennedy, Kennedy, Kennedy & Kennedy, Winston–Salem, North Carolina, for Appellant. Robert Stancil Phifer, Gregory Phillip McGuire, Haynsworth, Baldwin, Johnson & Greaves, P.A., Charlotte, North Carolina, for Appellee. **ON BRIEF:** Harold L. Kennedy, III, Kennedy, Kennedy, Kennedy & Kennedy, Winston–Salem, North Carolina; William L. Durham, Forsyth Legal Associates, Winston–Salem, North Carolina, for Appellant. Joslin Davis, Davis & Harwell, P.A., Winston–Salem, North Carolina, for Appellee.

Before RUSSELL* and WIDENER, Circuit Judges, and HALL, Senior Circuit Judge.

Affirmed in part and vacated in part by published opinion. Judge WIDENER wrote the opinion, in which Senior Judge HALL joined.

---

* Judge Russell heard oral argument in this case but died prior to the time the decision was filed.

The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

WIDENER, Circuit Judge:

Plaintiff LaDonna Harrison appeals from the district court's grant of a motion for judgment as a matter of law in favor of the defendant Edison Brothers Apparel Stores (Edison), after a jury verdict in her favor on a claim of negligent retention under North Carolina law. Plaintiff's counsel also appeals the district court's imposition of sanctions under Rule 11 for the costs of litigating plaintiff's Motion for Disqualification of one of defendant's counsel in this action. We affirm the district court's grant of judgment as a matter of law and vacate the district court's order imposing sanctions against plaintiff's counsel.

I.

The procedural history of this case is somewhat complex. See *Harrison v. Edison Bros. Apparel Stores, Inc.*, 724 F.Supp. 1185 (M.D.N.C.1989) (granting summary judgment to defendant on several claims), *aff'd in part, rev'd in part, and rem'd*, 924 F.2d 530 (4th Cir.1991), *on remand to* 814 F.Supp. 457 (M.D.N.C.1993) (granting judgment as a matter of law to defendant on Miss Harrison's negligent-retention claim); 146 F.R.D. 142 (M.D.N.C.1993) (imposing sanctions on Miss Harrison's counsel). The order here appealed from was entered after the court set aside a verdict for the plaintiff. Edison then declared bankruptcy and this appeal was stayed on that account until October 1997, at which time the stay was lifted.

Miss Harrison originally raised claims of intentional infliction of emotional distress and battery against Melvin Wall, an Edison employee, with derivative claims against Edison for Wall's conduct as well as claims for negligent retention of Wall and wrongful termination of Miss Harrison. Miss Harrison voluntarily dismissed the claims against Wall with prejudice, and the district court granted summary judgment to Edison on the derivative-liability claims. See *Harrison*, 724 F.Supp. at 1187–91. This court affirmed the grant of summary judgment as to those claims. See *Harrison*, 924 F.2d at 534–35. On remand, the jury found Edison not liable for wrongful termination, and that verdict is not challenged. Therefore, at this stage of the litigation Edison is liable to Miss Harrison, if at all, only for its own negligence in retaining or failing to supervise Wall after being put on notice that Wall was engaging in misconduct in connection with his employment.

The issue we are faced with on this appeal is a rather narrow one: Whether the district court was correct in concluding that the evidence, viewed in the light most favorable to Miss Harrison, was legally insufficient for a rational jury to find in favor of Miss Harrison on her claim of negligent retention. See *Anheuser–Busch, Inc. v. L & L Wings, Inc.*, 962 F.2d 316, 318 (4th Cir.) (quoting Fed. R.Civ.P. 50(a)(1)), *cert. denied*, 506 U.S. 872, 113 S.Ct. 206, 121 L.Ed.2d 147 (1992).

As to this claim, the material facts in the light most favorable to Miss Harrison are as follows: Miss Harrison was sexually harassed by Wall, her supervisor, throughout her brief employment with the defendant's Jeans West store in Winston–Salem, North Carolina, from November 1986 to mid-December, 1986. Miss Harrison notified her regional manager, Nicholas Poulos, of the problem on December 12, 1986. The events that transpired between December 12, 1986, the date the defendant was put on notice of Wall's misconduct, and Miss Harrison's termination are disputed. See *Harrison*, 814 F.Supp. at 466–67. It is undisputed, however, that Miss Harrison ceased her employment with defendant on December 18, 1986.

■ Under North Carolina law, an employer is liable for the negligent employment, supervision, or retention of an individual if, after actual or constructive notice of the individual's incompetence, the employer fails to take reasonably prudent steps to prevent subsequent tortious conduct of the individual, and that subsequent tortious conduct causally injures another person. *Hogan v. Forsyth Country Club Co.*, 79 N.C.App. 483, 340 S.E.2d 116, 123–24 (1986), *disc. rev. denied*, 317 N.C. 334, 346 S.E.2d 140 & 141 (1986). So the issue before us is only whether Miss Harrison has established that any tortious conduct committed by Wall between December 12 and December 18, 1986 caused her emotional injury, and whether if so a reason-

ably prudent employer would have prevented such conduct.

The jury returned a verdict for Miss Harrison on this claim, but the district court granted judgment as a matter of law to the defendant, finding that Miss Harrison had established neither that Wall had in fact committed any tortious conduct after December 12, the date on which Miss Harrison notified defendant of Wall's conduct, nor that any tortious conduct committed by Wall subsequent to December 12 caused any of Miss Harrison's injuries. See *Harrison v. Edison Bros. Apparel Stores, Inc.,* 814 F.Supp. 457 (M.D.N.C.1993). Because we are of opinion that the causation issue is dispositive, we need not and do not address the question of whether sufficient evidence supported the jury's finding that Wall committed any tortious conduct after December 12, 1986. We thus will assume that Miss Harrison did establish that Wall committed some tortious conduct after December 12, 1986.

■ Initially, Miss Harrison argues that the defendant waived the right to judgment as a matter of law by failing to make such a motion promptly at the close of all the evidence in this case, instead waiting until the charge conference a week later. Thus, plaintiff argues that the defendant failed to satisfy the prerequisite to a Rule 50(b) motion of making a motion for judgment as a matter of law at the close of all the evidence. Fed. R. Civ. Pro. 50(b). As the facts demonstrate, however, the charge conference began immediately after the close of all the evidence and was continued over the Thanksgiving holiday weekend. During the holiday recess, the defendant made the plaintiff and the court aware that it intended to make a Rule 50(a) motion when the charge conference resumed. At the conclusion of the charge conference the following week, the district court heard the defendant's 50(a) motion and reserved its

ruling. The case then was submitted to the jury, and the verdict returned. Subsequently, the defendant filed the Rule 50(b) motion in question. The defendant's motion that was made after the charge conference was in literal compliance with Rule 50(a). Even if the contention of the plaintiff is that the time lapse caused by the holiday recess made the Rule 50(a) motion so late that it did not satisfy as a prerequisite to a Rule 50(b) motion, it is remedied by the liberal application of Rule 50(b) under *Singer v. Dungan,* 45 F.3d 823, 828–29 (4th Cir.1995).

■ The district court held as a matter of law that Miss Harrison had not presented sufficient evidence that her injuries were causally related to any conduct occurring after December 12, 1986. See *Harrison,* 814 F.Supp. at 463–66. As the district court correctly noted, evidence of causation is sufficient only if it " 'shows a "probability" and not [a] mere "possibility" ' " that the alleged tortious conduct caused the alleged injury, and " '[a]lternative possibilities as to the cause of an event are not enough where the defendant is liable under one and not the others and where no basis for a rational choice among the alternatives is provided.' " *Harrison,* 814 F.Supp. at 464 (quoting *Ralston Purina Co. v. Edmunds,* 241 F.2d 164, 167, 168 (4th Cir.1957), *cert. denied,* 353 U.S. 974, 77 S.Ct. 1059, 1 L.Ed.2d 1136 (1957)); accord *Lovelace v. Sherwin–Williams Co.,* 681 F.2d 230, 241–42 (4th Cir.1982).

■ The evidence reveals that Miss Harrison was subjected to a number of stressful situations, both before and after December 12–18, 1986. No evidence, however, links her emotional distress to events occurring between those dates.[1] We are thus of opinion that, for the reasons stated by the district court in its analysis of the element of causa-

---

1. Miss Harrison argued at the hearing on Edison's motion for judgment as a matter of law that she should not be "put … in that sort of restrictive cubbyhole" [of proving damages from December 12th through 18th].

It is clear under North Carolina law that Miss Harrison did have the burden of proving by a preponderance of the evidence that her injuries resulted from tortious conduct committed between December 12 and 18, 1986, however re-

strictive that burden might be. The difficulty of proof in this case stems not from the requirements of North Carolina law, but from the dismissal with prejudice of Miss Harrison's claims against Wall and the subsequent "attempt to force evidence supporting a vicarious liability claim for sexual harassment, into a negligent retention legal theory." *Harrison,* 814 F.Supp. at 463.

tion, the district court properly granted judgment as a matter of law to Edison Brothers.[2]

## II.

■ In May 1989, Miss Harrison dismissed her claims against Wall with prejudice. In April 1991, Joslin Davis, Wall's counsel prior to the dismissal, served notice that she would be representing Edison Brothers as co-counsel in this action. At the final pretrial conference on April 23, 1991, Miss Harrison's counsel, Harold Kennedy, expressed concern that Miss Davis's representation of Edison might constitute a conflict of interest, and the district court "directed that if Kennedy intended to file a motion to disqualify that he should go ahead and do so." *Harrison*, 146 F.R.D. at 143. In November 1992, two weeks before the scheduled trial date, Kennedy filed a motion to disqualify Miss Davis as co-counsel for Edison. The motion was denied, and Edison filed a motion for Rule 11 sanctions, see *Harrison*, 146 F.R.D. at 143, which the district court deferred until after the trial and then granted, see 146 F.R.D. at 143–45, limiting the imposition of the sanctions to Kennedy himself, and his law firm. See 146 F.R.D. at 145.

The district court found that "Kennedy made some inquiry into the issue," 146 F.R.D. at 143, but stated that "the late *timing* of the [motion] is the critical basis for imposing Rule 11 sanctions," 146 F.R.D. at 143–44, and that "Kennedy gives no reason as to why he decided to begin his research at such a late date." 146 F.R.D. at 144. Thus, the district court concluded that "the late date on which the motion was filed indicates an attempt to interrupt opposing counsel's trial preparation and increase litigation costs," 146 F.R.D. at 143, and thus that the motion, although not frivolous, was "interposed for improper purposes." 146 F.R.D. at 145; Fed.R.Civ.P. 11 (1983) (amended 1993).

The initial complaint in this litigation was filed on November 20, 1987, and the trial had not yet commenced five years later when Kennedy filed his motion for disqualification. It is thus apparent that the issues and the procedural twists involved in this case were quite complex, and that the parties were embroiled in numerous subsidiary issues prior to the start of trial. While Kennedy's decision to begin researching the disqualification motion at such a late date was a regrettable exercise of bad judgment, in the context of this lengthy litigation, without further evidence of a pattern of intentional delay or harassment by Kennedy, we find no evidence that this motion was an intentional effort to obstruct defendant's trial preparation or to increase litigation costs. Further, there is no evidence that Edison's trial preparation was actually prejudiced by the need to defend the motion, and the district court did not find that the motion was frivolous. See *Harrison*, 146 F.R.D. at 143–44. Accordingly, we vacate the order imposing sanctions against Kennedy.

## III.

Accordingly, the judgment of the district court on the merits is affirmed, and the order imposing sanctions is vacated.

*AFFIRMED IN PART AND VACATED IN PART.*

---

**2.** *Graham v. Hardees Food Systems, Inc.,* 121 N.C.App. 382, 465 S.E.2d 558 (1996), decided

during the stay of this appeal, is consistent with our decision and is dispositive in any event.