UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANDREW L. BLOCKER,
Plaintiff-Appellant,

v.                                                            No. 98-2582

AVONDALE MILLS, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CA-95-4002-1-6BD)

Argued: June 9, 2000

Decided: August 3, 2000

Before WIDENER and NIEMEYER, Circuit Judges, and
Irene M. KEELEY, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Leroy Smalls, Jr., SMALLS LAW FIRM, Colum-
bia, South Carolina, for Appellant. Bernie Wellington Ellis, MCNAIR
LAW FIRM, P.A., Columbia, South Carolina, for Appellee. **ON
BRIEF:** Richard J. Morgan, MCNAIR LAW FIRM, P.A., Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrew Blocker, an African American, sued his employer, Avondale Mills, Inc., for employment discrimination, alleging that he suffered disparate treatment because of his race and that he had been subjected to a racially hostile work environment. At the conclusion of Blocker's case-in-chief, Avondale Mills moved for judgment as a matter of law on both claims. The district court dismissed Blocker's claim of disparate treatment but permitted the hostile-work-environment claim to be decided by the jury. After a two-day trial, the jury returned a verdict in favor of Avondale Mills. On appeal, Blocker makes three arguments: (1) he contends that the district court erred in granting judgment as a matter of law in favor of Avondale Mills on his disparate-treatment claim; (2) he argues that the district court erred in refusing to set aside the jury's verdict on the hostile-work-environment claim; and (3) he challenges Avondale's use of peremptory challenges to strike two African-American jurors from the jury pool. Finding no merit in these claims, we affirm.

I

Blocker began working for Graniteville Company, a textile manufacturing company that is now a division of Avondale Mills, Inc., in June 1970. Since 1991, he has been employed as a plant analyst at Avondale Mills' Sibley Plant, which is located in Augusta, Georgia, approximately 15 miles from Graniteville, South Carolina, where Avondale Mills' has three other plants and a central laboratory. Avondale Mills employs one plant analyst at each of these four plants. The plant analysts at the three plants other than the Sibley Plant are Ruben Lee, an African-American male; Lisa Coon Lewis, a white female; and Mike Scott, a white male.

II

In his complaint, Blocker alleged discriminatory treatment with respect to several conditions of employment. He claimed that he had

2

been "relegated to a smaller office" than his white co-workers; that he and other African-American employees were monitored more closely and subjected to more severe workplace disciplinary rules; that similarly situated white workers received mileage compensation for their travel on behalf of Avondale Mills, whereas he did not; that his white counterparts were provided with computers before he was; that he had not been offered the same opportunities for training that his white counterparts had been given; and that he believed he was paid a lower salary than white employees who held the same position.

The evidence presented at trial, however, failed to substantiate many of these claims. Blocker received the same pay as the other plant analysts. While Blocker complained that he was monitored more closely, he presented no evidence about the manner in which white plant analysts were monitored. Other instances of disparate treatment were attributable to differences between the Sibley Plant and the other plants. For instance, while Blocker complained that he did not receive a computer until after the other plant analysts had received them, Avondale Mills explained that this was because the Sibley Plant had not yet been connected to the company network. With respect to Blocker's allegation that he had not been provided with the same training opportunities as his white counterparts, his supervisor admitted that Blocker had not been invited to attend an afternoon seminar on "statistical process control," which had been attended by white plant analysts, but he explained that he had assumed Blocker would be unable to attend because Blocker owned a business that he went to after work each day at 3:00. Furthermore, Blocker later received similar training at a forum to which he was sent at Clemson University.

At the close of plaintiff's case, the district court granted Avondale Mills' motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 as to Blocker's claim of disparate treatment but denied its motion as to his hostile-work-environment claim. We agree with the district court that Blocker failed to adduce evidence sufficient to prove disparate treatment by Avondale Mills. With respect to many of his claims, Blocker failed to show that he was treated differently from his white counterparts. With respect to others, he failed to provide sufficient evidence for a reasonable factfinder to reject Avondale Mills' nondiscriminatory explanations for the disparities.

3

Accordingly, Avondale Mills was entitled to judgment as a matter of law on the disparate-treatment claim. See Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2106 (2000).

III

In support of his claim of a racially hostile work environment, Blocker testified about statements made by co-workers that ranged from racially insensitive comments to revoltingly bigoted epithets. The statements described by Blocker were made by a number of coworkers, dating back to 1980. Blocker also testified that during a ten-month period in 1986, he would frequently return to his automobile in the parking lot to find anonymous notes carrying such messages as "N-----, go home," and "We don't like your kind." According to Blocker, his complaints to supervisors about these incidents were met with indifference. Avondale Mills does not deny that Blocker may have been subjected to racist remarks, but points out that the incidents described by Blocker occurred over an extended period of time; Avondale Mills states that Blocker's "evidence was overwhelmingly that of occasional epithets, not of an objectively hostile or abusive environment."

Finding the claim of a hostile work environment to be factually disputed, the district court denied Avondale Mills' motion for judgment as a matter of law with respect to this claim and submitted the claim to the jury. The jury returned a verdict in favor of Avondale Mills. When Blocker then moved, pursuant to Federal Rule of Civil Procedure 50(b) for judgment notwithstanding the verdict, the district court properly denied the motion because Blocker did not satisfy the prerequisite for making a Rule 50(b) motion, having failed to move for judgment as a matter of law under Rule 50(a) before the case was submitted to the jury. See Harrison v. Edison Bros. Apparel Stores, Inc., 151 F.3d 176, 179 (1998). In addition, we cannot say that there was "no legally sufficient evidentiary basis for a reasonable jury to find for [Avondale Mills] on [the hostile-work-environment] issue." Fed. R. Civ. P. 50. Despite the ugly nature of the racially-charged language allegedly used in Blocker's workplace, the jury could reasonably have found that it was "not severe or pervasive enough to create an objectively hostile or abusive work environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); cf. Meritor Savings Bank,

4

FSB v. Vinson, 477 U.S. 57, 67 (1986) ("[M]ere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee would not affect the conditions of employment to[a] sufficiently significant degree to violate Title VII" (citation and internal quotation marks omitted)). Accordingly, we affirm the district court's denial of Blocker's Rule 50(b) motion for judgment as a matter of law.

IV

Finally, Blocker seeks a new trial because counsel for Avondale Mills used two of its three peremptory challenges to remove the two African Americans from the jury venire. Relying on Edmonson v. Leesville Concrete Co., 500 U.S. 614 (1991), Blocker argues that this use of peremptory challenges was an unconstitutional denial of equal protection. After each side had used its peremptory challenges to strike three potential jurors, counsel for Blocker requested a sidebar conference with the court, and the following colloquy ensued:

> [Counsel for Blocker]: Just before the jury is seated, Your Honor, I have a little problem with the jury selection by the defendant. All of the African Americans were eliminated from the jury . . . .
>
> * * *
>
> I either -- I think they should defend their action, but I would be willing to do another panel.
>
> * * *
>
> [Counsel for Avondale Mills]: Of course, in any jury selection you are going to have jurors who have, in my judgment, some stability issues. Marriage is one criteria[sic] I look at very closely. Ms. White [an African American] is an unmarried individual, and I look pretty closely at that as a basis for my jury selection. That's one factor that I use in a jury selection, in an individual, and that's one reason Mrs. White wouldn't be --

5

The Court: Well, I guess you could question that. What about Alphonso Grant [the other African American struck by Avondale Mills], number 44?

J.A. 74-76. At this point, the transcript notes that the discussion became "inaudible," apparently as a result of a malfunctioning microphone. See J.A. 76; Supp. J.A. 104. The transcript of the proceedings resumes

The Court: Okay. We'll move on.

[Counsel for Blocker]: Just so my objections are noted.

The Court: They are noted.

[Counsel for Blocker]: Thank you, Your Honor.

J.A. 76.

A trial court's determination regarding the exercise of peremptory challenges for allegedly racially discriminatory reasons is accorded great deference on appeal, and we review the determination for "clear error." Hernandez v. New York, 500 U.S. 352, 364-65, 369 (1991); Davis v. Baltimore Gas & Elec. Co., 160 F.3d 1023, 1026 (4th Cir. 1998). In Batson v. Kentucky, 476 U.S. 79 (1986), the Supreme Court created a three-step burden-shifting scheme for assessing whether racial discrimination has infected the process of jury selection. See 476 U.S. at 96-98; see also Edmonson, 500 U.S. at 631 (applying the Batson scheme to a civil trial). First, the party challenging the strikes must establish a prima facie case showing that the opposing party exercised the peremptory challenges on the basis of race. See Batson, 476 U.S. at 96-97. If a prima facie case is established, the burden shifts to the other party to provide a neutral explanation for its strikes. See id. at 97-98. Once a neutral explanation is presented, the complaining party must prove purposeful discrimination, see id. at 98, which it may do by demonstrating that the neutral explanation offered by the other party is merely a pretext for discrimination, see United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994).

6

Counsel for Avondale Mills explained that he had struck White from the jury panel because she was not married and that he preferred to have married persons on the jury because of "stability issues." Because of the defects in the transcript, it is unclear what reason

Avondale Mills gave for its decision to strike Grant, and the recollections of counsel differ.* Moreover, there is no evidence that Blocker's counsel challenged the reasons given by Avondale Mills for its two

strikes as pretextual. What is clear is that the district court accepted Avondale Mills' explanations as legitimate, and Blocker has not advanced a basis for a contrary conclusion. Accordingly, we cannot

say that the district court clearly erred in rejecting Blocker's Batson/Edmonson challenge.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

_____

*Counsel for Avondale Mills recalls that he chose to strike Grant because Grant "was a truck driver for a large company, and the outcome of the case depended, in part, upon the word of management verses [sic] the word of labor." Br. of Appellee at 10; Supp. J.A. 105. Counsel for Blocker does not recall that any reason was given. See Br. of Appellant at 20; J.A. 115. However, in an earlier submission to the district court, counsel for Blocker stated, "The Honorable Judge Charles Simons regarded Defendant's reasons of education and marital status as valid." Supp. J.A. 121. Judge Simons died before the parties attempted to supplement the record, and Judge Cameron Currie thereafter found that "neither Judge Simons' own notes, nor those of his staff, contain any reference to the moments in question." Supp. J.A. 123.

7